UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL DELANGE, on behalf of himself and all others similarly situated | : : : : | |
| *Plaintiffs,* | : : | **JURY DEMANDED** |
| v. | : : : | Civil Action No.: _____ |
| ATLANTIC INTERTECH LLC D/B/A DEEP SIX CBD ONLINE EDIBLES & OILS, | : : : | |
| *Defendant.* | | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Daniel DeLange (hereinafter "Plaintiff"), brings this class action on behalf of himself and putative classes of similarly situated persons against Defendant, Atlantic Intertech LLC d/b/a Deep Six CBD Online Edibles & Oils (hereinafter "Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. 333.101, *et seq.* Plaintiff asserts his FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts his WPCL and PMWA claims as a class action under Federal Rule of Civil Procedure 23. In support thereof, Plaintiff avers as follows:

### PARTIES AND JURISDICTION

1. Defendant employed Plaintiff at its King of Prussia, Pennsylvania, location. Mr. DeLange resides in Royersford, Pennsylvania.

2. While employed by Defendant, Plaintiff qualified as an employee under the FLSA, the WPCL, and the PMWA.

3. The Defendant is a foreign limited liability company formed and organized in the state of Delaware, but operating from a headquarters located at 160 N Gulph Road, King of Prussia, Pennsylvania. At all times, Defendant qualifies as an employer under the FLSA, the WPCL, and the PMWA.

4. The Court may exercise original subject matter jurisdiction over the instant action under 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

5. The Court may also maintain supplemental jurisdiction over state law claims set forth herein under 28 U.S.C. § l367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because these causes of action are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

6. Plaintiff properly laid the venue for this Complaint in the Eastern District of Pennsylvania under 28 U.S.C. §§ 1391(b)(l) and 139l(b)(2) because Defendant operates its headquarters within this judicial district and because the majority of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. Also, during the entire period of his employment with Defendant, Plaintiff worked within this district.

## FACTS

7. Defendant is a retailer of Cannabidiol ("CBD") products at multiple outlets throughout Pennsylvania.

8. Defendant employed Plaintiff for various periods from June 26, 2017, to January 13, 2020. Initially, Defendant paid Plaintiff an hourly wage of approximately $12.00 plus commission. His final hourly rate of pay was $13.00 plus commission. During his employment, Defendant paid de minims or trivial commissions to Plaintiff. At the time of his termination, Defendant had incorrectly classified Plaintiff as a "manager" in that he rarely, if ever, acted as a manager or supervisor, and his rate of pay fell below the threshold for exempt employee status. Throughout his employment, Defendant failed to compensate plaintiff for indispensable work performed before clocking in and after clocking out.

9. At the beginning of each shift, Plaintiff and other employees would arrive before the store opened at 10 a.m. and they would also stay past 9 p.m. when the store closed.

10. Plaintiff and other employees were not compensated for the extra time they worked in the morning before the store opened or at night when the store was closed.

11. Initially, Plaintiff would stay an average three to four hours extra every week either opening or closing the store, and then later the hours increased to about five to seven hours extra a week.

12. Plaintiff complained to Defendant's managers about working extra hours without overtime pay and was rebuffed.

13. A week before Defendant terminated Plaintiff, Mr. DeLange again complained about the unpaid overtime to the company owner.

14. All told, over the course of his employment, Defendant failed to pay Plaintiff for approximately six hundred hours of overtime. Defendant also failed to pay other employees for similar amounts of overtime.

## COLLECTIVE AND CLASS ALLEGATIONS

15. Plaintiff brings his FLSA claim under 29 U.S.C. §216(b) on behalf of:

> All individuals, who, during any time within the past three years, have been employed by Defendant in Pennsylvania and who worked more than forty hours per week and were not paid overtime for the hours in excess of forty.

16. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked under the common compensation policies described herein, are "similarly situated" as that term as is defined in 29 U.S.C. §216(b).

17. In addition to the FLSA collective action, Plaintiff also brings his PWCL and PMWA claims for the same class as defined above but as a class action under Federal Rule of Civil Procedure 23.

18. The class action requisites outlined in Federal Rule of Civil Procedure 23 are satisfied and, therefore, class action treatment of Plaintiff's PWCL and PMWA claims is appropriate, as noted below:

    a. Upon information and belief, the class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

    b. Defendant's conduct concerning the class members raises questions of law and fact that are common to all class members. Common factual questions include, among other things, timekeeping and compensation practices and policies described herein. The Court may determine the legality of these policies and practices through the application of general legal principles to common facts.

    c. Plaintiff is a class member, his claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, among other things, and all claims arise from on the same legal theories and remedies. Further, the allegations made by Plaintiff—namely, that Defendant violated the PWCL and the PMWA's compensation provisions by failing to compensate them for all legally compensable time—align sufficiently with the interests of other class members so that Plaintiffs' pursuit of their interests will benefit all class members.

19. Plaintiff will fairly and adequately assert and protect the interests of all class members because among other things:

    a. Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members;

    b. Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class members; and,

    c. The Class members' interests will not be harmed because counsel for Plaintiff has adequate financial resources to prosecute this litigation properly.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
### 29 U.S.C. §§ 201, *et seq*.

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. The FLSA requires that employees receive overtime compensation calculated at 150% of their regular pay rate for hours worked over 40 hours per week.

23. Defendant violated the FLSA by failing to compensate Plaintiff and the collective class for all hours worked over forty hours per week.

**WHEREFORE**, Plaintiff seeks the damages outlined in the Request for Relief clause of this Complaint, infra.

## COUNT II
### Violations of Pennsylvania Wage Payment and Collection Law ("WPCL")
### 43 P.S. 260.1, *et seq.*

24. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

25. At all times relevant, Plaintiff and the class members are employees entitled to the protections under the WPCL.

26. At all times relevant, Defendant is an employer covered by the WPCL.

27. The WPCL requires that employees receive overtime compensation where that is otherwise required by state and federal law. Defendant violated the WPCL by failing to compensate Plaintiff and the class for all hours worked over forty hours per week.

28. Plaintiff and the class members are entitled to unpaid wages under the WPCL.

29. The WPCL provides that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer." 43 Pa. Cons. Stat. Ann. § 260.3(a).

30. The WPCL confers onto employees the ability to institute legal actions to collect wages payable to them by employers. § 260.9a.

31. Defendant's failure to pay Plaintiff and the class members earned wages violates the WPCL.

**WHEREFORE**, Plaintiff seeks the damages outlined in the Request for Relief clause of this Complaint, infra.

### COUNT III
### Violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA")
### 43 P.S. §§ 333.101, *et seq.*

32. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

33. At all times relevant, Plaintiff and the class members are employees entitled to the protections under the PMWA.

34. At all times relevant, Defendant is an employer covered by the PMWA.

35. The PMWA entitles employees to compensation for "all hours worked" in a workweek. See 43 P.S. § 333.104(a).

36. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

37. Defendant has violated the PMWA by failing to compensate Plaintiff and other class members for all hours worked both before and during their work shifts. Accordingly, during weeks in which Plaintiff's and the class members' combined paid and unpaid compensable time exceeds forty (40) hours, Plaintiff and the class members are entitled to (i) compensation at their regular pay rate for uncompensated hours worked under forty (40) hours;

and (ii) compensation at their overtime premium pay rate for uncompensated hours worked over forty (40) hours.

38. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions and willfully violated the PMWA.

**WHEREFORE**, Plaintiff seeks the damages outlined in the Request for Relief clause of this Complaint, infra.

### REQUEST FOR RELIEF

Plaintiff, Daniel DeLange, on behalf of himself and other members of the class/collective, seek the following relief:

A. Orders permitting this action to proceed as a collective and class action, and undersigned counsel as class counsel;

B. Unpaid wages (including overtime wages);

C. Prejudgment interest;

D. Liquidated damages and penalties;

E. Litigation costs, expenses, and attorney's fees; and

F. Such other relief as this Court deems just and proper;

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues.

Date: July 24, 2020                    **RESPECTFULLY SUBMITTED:**

**LAW OFFICES OF ERIC A. SHORE, P.C.**

*/s/ Scott K. Johnson*
**SCOTT K. JOHNSON** (Pa. Id. No. 85024)
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel.: (267) 546-0124
Fax: (215) 944-6124
Email: scottj@ericshore.com
*Attorney for Plaintiff  Daniel DeLange*

.