UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DELANGE, individually, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>    vs.<br><br><br>ATLANTIC INTERTECH LLC D/B/A DEEP SIX CBD ONLINE EDIBLES AND OILS, LLC<br><br>  Defendants. | Civil Action No.: 2:20-cv-03624-PBT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT AND CAPTION**

## TABLE OF CONTENTS

**I**. SUMMARY OF RELEVANT FACTS……………………………………………………1

II. STANDARD OF REVIEW…………………………………………………………… 2

A. LEAVE TO AMEND COMPLAINT SHOULD BE GRANTED………………………..3

      1. The Claim is not Futile…………………………………………………………4

      2. No Undue Delay/Bad Faith/Dilatory Motive..………………………………….4

      3. No Undue Prejudice……………………………………………………………5

III. CONCLUSION……………………………………………………………………….7

**TABLE OF AUTHORITIES**

**Cases**

*Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006)………………………………….3

*Bechtel v. Robinson*, 886 F. 2d 644 (3d Cir. 1989)……………………………………….3

*Biorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d. Cir. 2008)

*Cornell & Co. v. Occupational Safety & Health Review Commission,* 573 F.2d 820, 823 (3d Cir. 1978)……………………………………………………………………………….3

*CMRD.N.Corp. & Marina Towers Ltd. v. City of Phila*., 703 F.3d 612, 629 (3rd Cir.2013)

*Cureton v. NCAA,* 252 F.3d 267 (3d Cir. 2001)

*Dole v. Review of Commissioners*, 921 F.2d 484, 487 (3d Cir, 1990)…………………….2

Foman v. Davis , 371 U.S. 178, 182, (1962)……………………………….…………..2,3

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F. 2d 419, 425 (3d Cir. 1981);……3

*In Re Burlington Coat Factory Sec.Litigation* , 114 F.3d 1410 at 1434 (3d Cir. 1997………

*Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000)…………………………….…………..3

*Lorenz v. CSX Corporation,* 1 F.3d 1408. 1414 (3d Cir. 1993)…………………………….3

*Pegasus Int'l, Inc. v. Crescent Mfg.Co*., No.Civ.A. 06-2943, 2007 U.S. Dist. LEXIS 24753, 2007 WL 103047, at *5 (E.D. Pa. Apr. 2, 2007)

*Tarkett, Inc. v Congoleum Corp*., 144 F.R.D.289, 291 (E.D.Pa. 1992)

**Statutes and Rules**

29 U.S.C. 201, et.seq……………………………………………………………………1

43 P.S.260.1, et.seq……………………………………………………………………..1

43 P.S. 333.101, et.seq…………………………………………………………………1

Fed.R.Civ.P., Rule 12(b)6……………………………………………………………….4

Fed.R.Civ.P, Rule 15(a). ……………………………………………………………1, 2

Penn. Dist.Court Local Rule, 7.1………………………………………………………1

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and Pennsylvania District Court, Local Rule 7.1, Plaintiff, DANIEL DELANGE ("Plaintiff"), by and through undersigned counsel, hereby files this Motion requesting entry of an Order granting Plaintiff's Motion to file an Amended Complaint and Amended Caption in this matter. Plaintiff respectfully requests permission to file an Amended Complaint and Caption in this action and as ground thereof Plaintiff states the following:

## SUMMARY OF RELEVANT FACTS

1. On July 24, 2020, Plaintiff filed a Complaint on behalf of himself and other similarly situated individuals ("Plaintiffs") seeking to recover unpaid overtime wages, pursuant the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et.seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 PS 260.1, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. 333.101, *et.seq.* [DE 1]. The claim was filed against corporate Defendant, Atlantic Intertech, LLC, d/b/a Deep Six CBD Online Edibles and Oils, LLC ("Deep Six").

2. On August 17, 2020, the Defendant filed an Answer with Affirmative Defenses [DE5] to Plaintiff's Complaint.

3. On January 5, 2021, Andrew Glenn, Esq., whose firm primarily handles wage claims, filed a Motion for Pro Hac Vice [DE8], which was granted by this Court on January 21, 2021 [DE9].

3. On January 6, 2021, an Initial Rule 16 Conference was held, at which time discovery was stayed to allow Plaintiffs to file a Motion for Conditional Certification.

4. On or about April 5, 2021, a second employee of Defendants, Brandan Stone, filed a Consent to Join in this matter [DE10].

5.	Settlement negotiations ensued in June and July and it has become apparent that these claims cannot be resolved at this time.

4.	No discovery has been propounded by either Plaintiffs or Defendants at this time. Nor has a scheduling Order been entered by this Court.

5.	Named Plaintiff seeks to Amend his Complaint and Caption so as to add as Defendants those individual "employers" who are also liable pursuant to the FLSA, the WPCL, and the PMWA.

6.	Plaintiff has sought consent for the amendment; however, Defendant opposes the motion.

## **LEGAL STANDARD**

Pursuant to the Federal Rules of Civil Procedure, leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)2. The Supreme Court has emphasized that outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse . . . and inconsistent with the spirit of the Federal Rules.

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given.

*Foman v. Davis,* 371 U.S. 178, 182, (1962) (internal quotations omitted).

In accordance with *Foman*, the Third Circuit likewise has consistently held that leave to amend should be granted freely. *Dole v. Review of Commissioners*, 921 F.2d 484, 487 (3d Cir, 1990), *citing Heyl & Patterson Intsxde'l, Inc. v. F.D. Rich Housing*, 663 F. 2d 419, 425 (3d Cir.

1981); See also *Bechtel v. Robinson*, 886 F. 2d 644 (3d Cir. 1989). This approach ensures that a particular claim will be decided on the merits rather than on technicalities. *Id.*

However, the leave to amend is not an unbridled right to amend. The Supreme Court in *Foman* aptly pointed out that if the amendment can be shown to be motivated by "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.", such amendment shall be disallowed. *Foman* at 230. A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000); see also *Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006) The courts have interpreted these factors to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corporation,* 1 F.3d 1408. 1414 (3d Cir. 1993), citing *Cornell & Co. v. Occupational Safety & Health Review Commission,* 573 F.2d 820, 823 (3d Cir. 1978).

### A. LEAVE SHOULD BE GRANTED TO ALLOW PLAINTIFFS TO FILE AN AMENDED COMPLAINT

In the instant matter, this is Plaintiffs' first request to amend his Complaint. It was an oversight to not include claims against the Individual Defendants who own and/or operate the Defendant corporate entity and have significant control over the day-to-day operations of the corporate entity. The amendment further relates to the same set of facts as the original Complaint. Plaintiff's proposed red-lined Amended Complaint is attached hereto as Exhibit "A.

### 1. The Claim is not Futile

To determine whether an amendment would be futile, the Court applies the same analysis that it would invoke in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *In Re Burlington Coat Factory Sec.Litigation*, 114 F.3d 1410 at 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. at 1434. In light of the fact that Named Plaintiff's proposed amended complaint, accepting all allegations as true, is sufficient to establish the liability of the individual Defendants, the proposed amended complaint states a claim for relief and is not futile.

### 2. There has Been No Undue Delay or Bad Faith/Dilatory Motives

Delay alone is not enough to deny a motion to amend. It is "undue delay" that is the standard for denial of a motion. "Delay becomes 'undue', and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Biorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d. Cir. 2008) (citing *Cureton*, 252 F.3d. at 273). When delay has occurred, a Court is required to "focus on the movant's reasons for not amending sooner". *Cureton v. NCAA,* 252 F.3d 267 (3d Cir. 2001). The Third Circuit has denied motions when a movant offers no cogent reason for not amending sooner. See, eg. *CMRD.N.Corp. & Marina Towers Ltd. v. City of Phila*., 703 F.3d 612, 629 (3d Cir.2013) (finding no good reason for a three year delay; *Biorgung*, 550 F.3d at 267 (no explanation for three year delay); *Cureton*, 252 F.3d at 273 (no reasons given for two and a half year delay).

In the instant matter, at the Initial Scheduling Conference in January, 2021, the parties adjourned the matter, with the approval of the Court, without issuance of a scheduling order. Since that time, the parties have attempted to settle this matter on behalf of the two Plaintiffs currently

participating in this matter. Further, new counsel has entered an appearance, being approved for pro hac vice admission in this matter at the end of January, 2021. Finally, no discovery has been conducted by the parties. For these reasons, the delay in movant's request is not undue. Nor is it being sought in bad faith or to prolong the proceedings. Rather, it is being made because failure to seek amendment would constitute error by Plaintiff.

### 3. There is No Undue Prejudice to Defendants

The cornerstone of an amendment analysis, above all else, is whether there exists prejudice to the Defendant if amendment is granted. In an analysis of prejudice, the court is required to "focus on the hardship to defendants if the amendment [is] permitted". *Cureton*, 252 F.3d at 273. To establish prejudice the defendant must show that it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered: had the allegations in the amended complaint been timely made". *Pegasus Int'l, Inc. v. Crescent Mfg.Co.*, No.Civ.A. 06-2943, 2007 U.S. Dist. LEXIS 24753, 2007 WL 103047, at *5 (E.D. Pa. Apr. 2, 2007) (quoting *Arthur*, 434 f.3d at 206) (further quotations omitted. Undue prejudice can also be demonstrated if a defendant is being required to defend against new facts or legal theories resultant from the amendment. See *Tarkett, Inc. v Congoleum Corp.*, 144 F.R.D.289, 291 (E.D.Pa. 1992). These scenarios simply do not exist in this matter. Here, no additional facts or claims are being added to the complaint. No new theories are being presented via the amendment. Nor is the Defendant precluded from presenting any evidence resultant from the amendment. As such, there is no undue prejudice to Defendant should this court grant the Plaintiff's Motion to Amend the Complaint and Caption in this matter.

### III. CONCLUSION

In sum, Plaintiff seeks leave to file an Amended Complaint to add Defendants. Plaintiffs allege the very same violations against all Defendants, that Defendants were Plaintiffs' employers, that Plaintiffs, who were non-exempt laborers, worked more than forty (40) hours per week, and that Plaintiffs were not paid time and a half their hourly rate of pay, as required under both federal and state laws, and that Defendnats' failure of refusal to pay Plaintiffs lawfully was willful and intentional.

Nor is the claim futile. The proposed amended complaint states sufficient facts so as to survive a motion to dismiss. There has been no undue delay as there has not even been a scheduling order issued in this matter; nor has any discovery been propounded. Finally, the Defendant is not prejudiced by the proposed amendment. The information included in the proposed Complaint is and was known to them at the outset of this lawsuit. Furthermore, the owners and/or managers of the corporate Defendant, directed Plaintiffs', and all those similarly situated, work, managed them closely, and were well aware of both their title and day to day duties, as well as the duties of similarly situated employees. For Defendant to claim prejudice at this juncture would be disingenuous.

WHEREFORE, For the forgoing reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion and allow the filing of the proposed Amended Complaint and Caption.

Dated: 8/23/2021                                  JAFFE GLENN LAW GROUP, P.A.

                                                  /s/ Andrew Glenn
                                                  Andrew Glenn, Esq. (Admitted
                                                  Pro Hac Vice)
                                                  300 Carnegie Center, Suite 150

Princeton, NJ 08540
Tel:  (201)687-9977
Fax:  (201) 595-0307
Email: aglenn@jaffeglenn.com
*Attorneys for Plaintiff and Putative Class*


LAW OFFICES OF ERIC A. SHORE, P.C.

*/s/ Graham F. Baird*
GRAHAM F. BAIRD (Pa. Id. No. 92692)
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel.: (267) 546-0131
Fax: (215) 944-6124
Email: grahamb@ericshore.com
*Attorney for Plaintiff  Daniel DeLange*