## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DELANGE, | : |
| Plaintiff | : |
| | : Civil Action No.: 20-3624 |
| v. | : JURY TRIAL DEMANDED |
| ATLANTIC INTERTECH, LLC d/b/a DEEP SIX CBD ONLINE EDIBLES & OILS, BENTON PURTLE, individually, ANDREW SONG, individually, and NICHOLAS KRUCZAJ, individually | : |
| Defendants | : |

### ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES OF DEFENDANTS ATLANTIC INTERTECH, LLC D/B/A DEEP SIX CBD ONLINE EDIBLES & OILS, BENTON PURTLE, ANDREW SONG & NICHOLAS KRUCZAJ

Defendants, Atlantic Intertech, LLC[1] ("Atlantic Intertech"), Benton Purtle ("Mr. Purtle"), Andrew Song ("Mr. Song") and Nicholas Kruczaj ("Mr. Kruczaj")(collectively "Defendants") by and through their counsel, BenLath Law Group, LLC, hereby file the within Answer with Affirmative Defenses to the Amended Complaint of Plaintiff Daniel Delange ("Mr. DeLange") and opt-in Plaintiff Brandon Stone ("Mr. Stone")(collectively "Plaintiffs") and in support thereof, states as follows:

### PARTIES & JURISDICTION

1.  Denied. Defendants jointly did not employ Mr. DeLange. Rather, Mr. DeLange was employed by Atlantic Intertech only. Further, throughout the course of Mr. DeLange's

---

[1] Defendant is improperly identified in the caption and throughout the Complaint. Atlantic Intertech, LLC operated as "Deep Six" at the King of Prussia Mall and "Deep Six CBD Edibles and Vape" at the Plymouth Meeting Mall.

1

employment with Atlantic Intertech, Mr. DeLange was employed Plaintiff at its Plymouth Meeting Mall location as well as the King of Prussia mall location.

    2.    The location of Plaintiff's residence is admitted upon information and belief.

    3.    Denied. This paragraph contains a conclusion of law to which no response is required. Further, Mr. DeLange was employed by Atlantic Intertech only.

    4.    This paragraph contains several allegations. It is admitted that Atlantic Intertech is a foreign limited liability company formed and organized in Delaware and has its headquarters in King of Prussia. The remaining allegations within this paragraph contain conclusions of law to which no response is required.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted. By way of further response, Mr. Kruczaj rarely accesses the video monitoring of the storefronts.

    9.    Admitted.

    10.    Admitted in part and denied in part. Mr. Song is a manager employed by Atlantic Intertech. The remaining allegations are denied.

    11.    Admitted.

    12.    Admitted.

    13.    Admitted.

    14.    Admitted in part and denied in part. Mr. Purtle is a manager employed by Atlantic Intertech. The remaining allegations are denied.

    15.    Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

## **FACTS**

20. Denied. Atlantic Intertech only is a store-front and online retailer of CBD products.

21. Denied in part and admitted in part. It is denied that Defendants began employing Mr. DeLange on June 26, 2017. Mr. DeLange was employed by Atlantic Intertech only. Further, Mr. DeLange's employment commenced on June 28, 2017. Mr. DeLange's employment ceased on January 13, 2020, after Mr. DeLange decided to pursue his own online CBD website company. The remaining allegations in the paragraph are denied. Atlantic Intertech initially paid $9.50 per hour plus commissions, as Mr. DeLange was initially employed as a sales associate. When he was promoted to manager on September 14, 2018, his pay increased to $12.00 per hour plus commissions. On January 1, 2019, Mr. DeLange voluntarily resigned from the company, citing an intended out-of-state move. After determining he was not going to move away, he then was re-hired on January 6, 2019 as a sales associate, making $9.50 per hour. This pay was increased on January 20, 2019 to $10.00 per hour and then to $12.00 per hour when he was promoted to store manager on March 3, 2019. The commissions paid were not trivial or *de minimus*: while he was a sales associate, he made $2,623.01 in commission; while was a manager, he made $8,635.57 in commission. At no point while he was a manager was Mr. DeLange improperly classified as a manager. The duties he performed as a manager included, but were not limited to the following:

    a.  Inventory stocking and merchandising decisions exceeding $20,000 in retail value, monthly;

    b.  Hiring, supervision, training, and firing of part-time subordinate staff;

    c.  Collection and handling of sensitive information for newly-hired staff, including staff banking information and social security numbers for forwarding to payroll;

    d.  Reporting store payroll hours prior to each pay period;

    e.  Recommendation of outstanding staff who may warrant advancement and promotion, or underperforming or misbehaving staff who may warrant disciplinary action;

    f.  Creation and enforcement of the store location's work schedule for himself and all store staff;

    g.  Handling large cash deposits on behalf of the company, and communication between Atlantic Intertech and its banking providers;

    h.  Ongoing, regular communication and negotiation with Atlantic Intertech vendors and business associates; and

    i.  Providing assistance in the construction and operation of new business locations.

Finally, Atlantic Intertech did not fail to compensate Plaintiff for indispensable work performed before clocking in and after clocking out, especially given Mr. DeLange's documented history of being late for his shift. Strict proof of Mr. DeLange's claims in this paragraph is demanded at time of trial.

  22.  Denied as stated. The times in which the employees and Mr. DeLange began working and completed working varied each day. Any suggestion by Mr. DeLange that it was always the case that he began working each day before 10:00 a.m. and ceased working each day

after 9:00 p.m. is denied, especially given Mr. DeLange's habitual lateness and tendency to remain at the store location after the conclusion of his shift while he awaited his ride. Strict proof of Mr. DeLange's claims in this paragraph is demanded at time of trial.

23. Denied as stated. Mr. DeLange was compensated for all hours worked. Strict proof of his claims in this paragraph is demanded at time of trial.

24. Denied as stated. Mr. DeLange was rarely on time for his shifts and if he stayed later than the end of his shift, it was for a few minutes per shift. Additionally, Mr. DeLange relied on friends or car hire (such as Uber) to give him rides to/from work each day and often would stay later after the end of his shift and wait until he was picked up; during this time would not perform any work. Strict proof of Mr. DeLange's claims in this paragraph is demanded at time of trial.

25. Denied in part and admitted in part. It is admitted that Mr. DeLange complained once about working extra hours; however, in that same conversation he was: (1) reminded of his habitual lateness, including being an hour late the day he complained of working extra hours the previous night; (2) advised that he made his own schedule and was permitted to adjust his hours based on his ability to secure a ride to or from work; and (3) advised that if he did not follow the schedule he created for himself, then his supervisors (the regional manager and the company manager) would not know what he was doing. Strict proof of Mr. DeLange's claims in this paragraph is demanded at time of trial.

26. Denied as stated. Mr. DeLange was not terminated by Defendants; rather, he voluntarily quit his employment with Atlantic Intertech to begin a competing CBD business which, upon information and belief, he still operates to this day. As to the allegation that Mr.

DeLange again complained of not being paid for overtime, Defendants deny same. Strict proof of Mr. DeLange's claims in this paragraph is demanded at time of trial.

## COUNT I:
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA")
## 29 U.S.C. §§ 201 *et. seq.*

27. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

28. Admitted. By way of further response, the FLSA has exemptions to this overtime requirement for which Mr. DeLange qualified during over half of the time of his employment history with Atlantic Intertech.

29. This paragraph contains a conclusion of law to which no response is required.

## COUNT II:
## VIOLATIONS OF PENNSYLVANIA'S WAGE PAYMENT AND COLLECTION LAW ("WPCL")
## 43 P.S. 260.1 *et. seq.*

30. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

31. This paragraph contains a conclusion of law to which no response is required.

32. This paragraph contains a conclusion of law to which no response is required.

33. Admitted in part and denied in part. It is admitted that the WPCL requires employees to receive overtime compensation that is otherwise required by state and federal law. The remaining allegation is denied as a conclusion of law to which no response is required.

34. This paragraph contains a conclusion of law to which no response is required.

35. Admitted.

36. Admitted.

37. This paragraph contains a conclusion of law to which no response is required.

**COUNT III:**
**VIOLATIONS OF PENNSYLVANIA'S MINIMUM WAGE ACT OF 1968 ("PMWA")**
**43 P.S. §§333.101** *et. seq.*

38. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

39. This paragraph contains a conclusion of law to which no response is required.

40. This paragraph contains a conclusion of law to which no response is required.

41. Admitted.

42. Admitted.

43. This paragraph contains a conclusion of law to which no response is required.

44. This paragraph contains a conclusion of law to which no response is required.

**WHEREFORE**, Defendants Atlantic Intertech, LLC, Benton Purtle, Andrew Song and Nicholas Kruczaj respectfully requests that this Honorable Court grant judgment in its favor and against Plaintiff Dan DeLange and opt-in Plaintiff Brandon Stone and dismiss Plaintiff's Complaint with prejudice.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Mr. DeLange was habitually late to work, coming in on average approximately 20 minutes after the start of his shift, and was still paid for the time he was not at work.

**THIRD AFFIRMATIVE DEFENSE**

3. Mr. Stone was habitually late to work or often would not show up to his scheduled shifts.

**FOURTH AFFIRMATIVE DEFENSE**

4.	Plaintiffs, as managers, had the ability to set their own schedules and adjust them as necessary.

**FIFTH AFFIRMATIVE DEFENSE**

5.	From October 22, 2018 to January 1, 2019 and March 3, 2019 until January 13, 2020, Mr. DeLange was the store manager for the King of Prussia mall location and carried out the duties of a manger, including, but not limited to:

    a.	Inventory stocking and merchandising decisions exceeding $20,000 in retail value, monthly;

    b.	Hiring, supervision, training, and firing of part-time subordinate staff;

    c.	Collection and handling of sensitive information for newly-hired staff, including staff banking information and social security numbers for forwarding to payroll;

    d.	Reporting store payroll hours prior to each pay period;

    e.	Recommendation of outstanding staff who may warrant advancement and promotion, or underperforming or misbehaving staff who may warrant disciplinary action;

    f.	Creation and enforcement of the store location's work schedule for himself and all store staff;

    g.	Handling large cash deposits on behalf of the company, and communication between Atlantic Intertech and its banking providers;

    h.	Ongoing, regular communication and negotiation with Atlantic Intertech vendors and business associates; and

    i.	Providing assistance in the construction and operation of new business locations.

accordingly, during this time, Mr. DeLange qualified as an employee exempt from overtime pay under FLSA, WPCL and PMWA.

## SIXTH AFFIRMATIVE DEFENSE

6. From September 14, 2018 to October 22, 2018, Mr. DeLange was the store manager for the Plymouth Meeting Mall location and carried out the duties of a manger, including, but not limited to:

    a. Inventory stocking and merchandising decisions exceeding $20,000 in retail value, monthly;

    b. Hiring, supervision, training, and firing of part-time subordinate staff;

    c. Collection and handling of sensitive information for newly-hired staff, including staff banking information and social security numbers for forwarding to payroll;

    d. Reporting store payroll hours prior to each pay period;

    e. Recommendation of outstanding staff who may warrant advancement and promotion, or underperforming or misbehaving staff who may warrant disciplinary action;

    f. Creation and enforcement of the store location's work schedule for himself and all store staff;

    g. Handling large cash deposits on behalf of the company, and communication between Atlantic Intertech and its banking providers;

    h. Ongoing, regular communication and negotiation with Atlantic Intertech vendors and business associates; and

    i. Providing assistance in the construction and operation of new business locations

Accordingly, during this time, Mr. DeLange qualified as an employee exempt from overtime pay under FLSA, WPCL and PMWA.

**SEVENTH AFFIRMATIVE DEFENSE**

7. From June 28, 2017 until September 13, 2018 and January 6, 2019 until March 2, 2019, Mr. DeLange was a sales associate at the King of Prussia Mall; during these periods, he was never scheduled to work over 40 hours per week and never actually worked over 40 hours per week; therefore, during those periods, he did not qualify for receipt of overtime pay under the FLSA, WPCL, or the PMWA.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Beginning on September 16, 2018, Mr. Stone was a manager-in-training for the King of Prussia mall location and was promoted to manager of the Willow Grove Park mall storefront on September 29, 2018. He served as the manager at the Atlantic Intertech location there until he was transferred on February 26, 2019 to the Neshaminy Mall Atlantic Intertech storefront. From April 2, 2019 until his voluntary resignation from Atlantic Intertech on May 8, 2019, Mr. Stone serve as the assistant manager at the King of Prussia mall location. While he was a manager at the storefronts, he carried out the duties of a manger, including, but not limited to:

    a. Inventory stocking and merchandising decisions exceeding $20,000 in retail value, monthly;

    b. Hiring, supervision, training, and firing of part-time subordinate staff;

    c. Collection and handling of sensitive information for newly-hired staff, including staff banking information and social security numbers for forwarding to payroll;

    d. Reporting store payroll hours prior to each pay period;

   e. Recommendation of outstanding staff who may warrant advancement and promotion, or underperforming or misbehaving staff who may warrant disciplinary action;

   f. Creation and enforcement of the store location's work schedule for himself and all store staff;

   g. Handling large cash deposits on behalf of the company, and communication between Atlantic Intertech and its banking providers;

   h. Ongoing, regular communication and negotiation with Atlantic Intertech vendors and business associates; and

   i. Providing assistance in the construction and operation of new business locations.

Accordingly, during the times where Mr. Stone served as a storefront manager, he qualified as an employee exempt from overtime pay under FLSA, WPCL and PMWA.

## NINTH AFFIRMATIVE DEFENSE

9. In addition to their hourly wage, Plaintiffs received commissions for sales they achieved while employed by Atlantic Intertech.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims are barred by the affirmative defenses of laches, waiver and the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants reserve the right to assert additional affirmative defenses which may arise as a result of information obtained during the course of discovery.

**WHEREFORE**, Defendants Atlantic Intertech, LLC, Benton Purtle, Andrew Song and Nicholas Kruczaj respectfully requests that this Honorable Court grant judgment in its favor and

against Plaintiff Dan DeLange and opt-in Plaintiff Brandon Stone and dismiss Plaintiff's Complaint with prejudice.

                                                    Respectfully submitted,

                                                    _____/ s/ JDL_____
                                                    Julie D. Lathia, Esquire
                                                    Attorney I.D. No. 208407
                                                    The BenLath Law Group, LLC
                                                    535 North Church Street, Suite 317
                                                    Phone: (717) 940-4881
                                                    Fax: (484) 887-3602
                                                    Email: julie@benlathlaw.com
                                                    Attorney for Defendant Atlantic Intertech, LLC

Dated: November 3, 2021

## **CERTIFICATE OF SERVICE**

      I, Julie D. Lathia, Esquire hereby certify that on November 3, 2021, the above Answer with Affirmative Defenses to Plaintiffs' Amended Complaint was filed electronically. Notice of this filing has been sent to the following party, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Graham Baird, Esq.
Law Offices of Eric A. Shore, P.C.
1500 JFK Blvd.
2 Penn Center, Suite 1240
Philadelphia, PA 19102
*[counsel for Plaintiff]*

Andrew Glenn, Esq.
Jaffe Glenn Law Group, P.A.
300 Carnegie Center, Suite 150
Princeton, NJ 08540
*[counsel for Plaintiff, admitted pro hac vice]*

                                                    /s/ Julie D. Lathia
                                                Julie D. Lathia, Esquire